UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOEL DEAN

VERSUS

N. BURL CAIN, ET AL

CIVIL ACTION

NO. 10-671-BAJ-CN

## ORDER

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Amanda Smith, and Connie McCann, complaining that moneys in his inmate account have been misappropriated by the defendants. Specifically, he asserts that there is an institutional policy at LSP pursuant to which inmates who owe money to the State of Louisiana and who receive money from outside sources are allowed access to one-half of the money received, and the remainder is applied to the inmates' debt. Notwithstanding, the plaintiff asserts that although he received moneys totaling $650.00 in July and August of 2010, and should, therefore, have been allowed access to one-half of this amount, or $325.00, his account statement shows a balance of only $0.21 after he spent $319.79 for canteen purchases. He asserts that someone at LSP is stealing or misplacing his money.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112

S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). A Section 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. *Green v. McKaskle, supra*. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The pleadings in this action fail to show that there is an arguable factual and legal basis of constitutional dimension for the asserted wrong. Under well-established legal principles, the plaintiff's claim that the defendants have lost, mishandled, confiscated, or deprived him of his property is not properly before this court. Random, unauthorized, or even intentional actions by state officials which result in deprivations of property do not violate the federal Constitution if an adequate post-deprivation state remedy exists. *Parrat v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984). It is clear that the State of Louisiana provides ample remedies under which the plaintiff may proceed against the defendants for recovery

of his property or for reimbursement for its loss. *Marshal v. Norwood*, 741 F.2d 761 (5th Cir. 1984). Accordingly, the plaintiff's claim is without constitutional merit.[1]

Therefore, **IT IS ORDERED** that plaintiff's action be dismissed pursuant to U.S.C. §§ 1915(e) and 1915A.

Baton Rouge, Louisiana, November 22, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] To the extent that the plaintiff contends that his Eighth Amendment rights have been violated by his inability to purchase canteen items, he makes no assertion that he has been deprived of any necessity of human life by reason of the stolen or misplaced funds. Further, the plaintiff fails to assert that he suffered any physical injury as a result of the defendants' conduct, and pursuant to 42 U.S.C. § 1997e(e), the plaintiff may not assert a claim for monetary damages resulting from mental or emotional loss in the absence of a claim of physical injury.